```
              IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF HAWAII

TOM INES,                      )  CIVIL NO. 14-00052 HG-KSC
                               )
        Plaintiff,             )
                               )  FINDINGS AND
    vs.                        )  RECOMMENDATION TO DISMISS
                               )  ACTION
HOME STREET BANK; LINA         )
HWANG; RYAN COONEY;            )
STEVEN T. IWAMURA; ROBERT      )
M. ERHORN, JR.; KEN            )
OHARA; LORI K. STIBB;          )
ROBERT E. CHAPMAN; TREVOR      )
OZAWA; CHRISTOPHER J.          )
WILLIAMS; MAUI PROCESS         )
SERVERS LLC; EVICTIONS         )
ARE US; ALII PROCESS           )
SERVERS LLC; THE HAWAII        )
DEPUTY SHERIFF                 )
ASSOCIATION; PATRICK H.        )
SNIFFEN; MAUI COUNTY           )
SHERIFF DEPARTMENT; PETER      )
T. CAHILL; NICKI ANN           )
THOMPSON; STATE OF             )
HAWAII- BUREAU OF              )
CONVEYANCES; STATE OF          )
HAWAII- DEPARTMENT OF          )
TAXATION,                      )
                               )
        Defendants.            )
_____)
```

## FINDINGS AND RECOMMENDATION TO DISMISS ACTION

On February 4, 2014, this Court issued a Findings and Recommendation to Deny Motion for Order to Show Cause Re: Plundering and Privateering ("F&R").

This Court held that it was unable to properly evaluate Plaintiff's claims because of the incomprehensible nature of the pleading. This Court granted Plaintiff Tom Ines ("Plaintiff") leave to file an amended pleading, but advised that the pleading must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure ("FRCP"), and that Plaintiff must clearly establish the basis for federal jurisdiction. The Court cautioned that failure to comply with the foregoing requirements would result in the dismissal of this action.

On February 21, 2014, the district judge issued an Order Adopting the Magistrate Judge's Findings and Recommendation (ECF No. 7), as Modified, to Deny Motion for Order to Show Cause Re: Plundering and Privateering. The district judge directed Plaintiff to file an amended pleading by March 14, 2014.

Plaintiff refused to accept the mailed copies of the F&R and Order. Doc. Nos. 9-10.

On April 15, 2014, Plaintiff filed two documents: 1) "Admissions Statement re: Cancellation of

2

Hearing and one page of Fax Confirmation" and
2) "Notice to the Court in re: Cancellation of the Court's want of hearing scheduling for Monday, May 05, 2014."

Insofar as Plaintiff failed to comply with the district judge's March 14, 2014 deadline to file an amended pleading, the Court recommends dismissal of this action for failure to prosecute.  Courts do not take failures to comply with Court orders or failures to prosecute lightly.  FRCP 41(b) authorizes involuntary dismissals for failure "to prosecute or to comply with [the federal] rules or a court order." Fed. R. Civ. P. 41(b).  Unless the Court in its order for dismissal otherwise specifies, a dismissal under this rule operates as an adjudication upon the merits. See id.

To determine whether dismissal is appropriate, the Court must consider five factors:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents;

3

(4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Although the Court recognizes that Plaintiff is proceeding *pro se*, his *pro se* status does not excuse his compliance with all applicable rules. Local Rule 83.13 ("*Pro se* litigants shall abide by all local, federal, and other applicable rules and/or statutes.").

Here, dismissal is appropriate given Plaintiff's failure to prosecute. There is no operative pleading and it appears that no Defendants have been served. Consequently, the Court, after considering the Pagtalunan factors, finds that they weigh in favor of dismissal.

The public interest in expeditious resolution of this litigation and the Court's interest in managing the docket strongly weigh in favor of dismissal. Id. (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)) ("The public's interest in expeditious resolution of litigation always favors dismissal.")

(quotations omitted). The Court, not Plaintiff, should control the pace of the docket. <u>Yourish</u>, 191 F.3d at 990; <u>Pagtalunan</u>, 291 F.3d at 642.

Moreover, Defendants will suffer prejudice if this case continues without an operative pleading or the effectuation of service. Plaintiff's inaction has impaired Defendants' ability to proceed to trial and threatens to interfere with the rightful decision of the case. <u>Pagtalunan</u>, 291 F.3d at 642.

Under the present circumstances, the Court believes that less drastic alternatives are not appropriate. The Court granted Plaintiff leave to file an amended pleading and Plaintiff failed to do so. This is due in part to Plaintiff's refusal to accept copies of the F&R and Order that were mailed to him. The Court believes that it would be futile to recommend a sanction other than dismissal because a lesser sanction would not successfully compel Plaintiff to prosecute this action. For these reasons, the Court is left with no choice but to recommend dismissal.

The Court concedes that the public policy favoring disposition of cases on their merits weighs against dismissal.  However, because four factors favor dismissal, this factor is outweighed.

With respect to Plaintiff's April 15, 2014 filings, the Court notes that it, not Plaintiff controls calendaring of all matters.  Plaintiff may not dictate when matters are scheduled, nor cancel hearings.  Given this Courts recommendation to dismiss, it is unlikely that the May 5, 2014 Rule 16 Scheduling Conference will proceed.  However, unless Plaintiff receives a notice of cancellation, he is expected to attend.

In accordance with the foregoing, this Court RECOMMENDS that the case be dismissed for failure to prosecute.

IT IS SO FOUND AND RECOMMENDED.

DATED:   Honolulu, Hawaii, April 16, 2014.



_____
Kevin S.C. Chang
United States Magistrate Judge

Civil No. 14-00052 HG-KSC; Ines v. Home Street Bank, et al.;
FINDINGS AND RECOMMENDATION TO DISMISS ACTION